**LINGWILER et al. v. CONNOR et al.**

No. 12142.

Court of Civil Appeals of Texas. Dallas.

Feb. 15, 1936.

Rehearing Denied April 4, 1936.

W. H. Reid, of Dallas, for appellants.
W. M. Holland, of Dallas, for appellees.

LOONEY, Justice.

This is an appeal by Mrs. Earl Lingwiler and husband, G. W. Lingwiler, from an order of the trial court dissolving a temporary injunction theretofore issued in their favor on an ex parte hearing enjoining F. W. Bartlett, trustee in the deed of trust hereinafter mentioned, the Federal Mortgage Company, former owner of the note secured by said deed of trust, G. S. Connor and Eloise M. Willis, independent executors and trustees of the estate of Wm. S. Willis, deceased, and Eloise M. Willis individually (the last three being owners of the note and deed of trust in question), from selling, under

the powers of the deed of trust, a certain parcel of land in the city of Dallas, being lot No. 4, block A of Junius Heights addition of said city, owned and claimed as a homestead by plaintiffs.

The allegations upon which plaintiffs sought equitable relief in substance are, that about July 5, 1928, the Federal Mortgage Company by a general warranty deed conveyed the lot of land in question to Mrs. Earl Lingwiler, and as part consideration for the conveyance grantee assumed payment of a vendor lien note for $7,000 against the property; that by the terms of its warranty, the Mortgage Company obligated itself to free said property from all liens, claims, and encumbrances, except the note for $7,000; that at the time of the conveyance, there was pending a suit by C. N. Riggs against the mortgage company, seeking recovery of the title and possession of said land; that there also existed against the property a paving lien for $419.10 in favor of a construction company; and that it was the duty of the mortgage company and its assigns to settle and discharge said claims and encumbrances. That the mortgage company became and was indebted to plaintiff as follows: To Mrs. Lingwiler in the sum of $1,093.32, and to G. W. Lingwiler in the sum of $2,582.22, the amount of cash expended on behalf of the company while in its services, and $1,000 balance of salary due said plaintiff. That about June 10, 1932, plaintiffs and the mortgage company agreed that their unsettled matters should be and were adjusted upon the following basis, to wit: That the note for $7,000 should be renewed and extended to mature five years after June 1, 1932, to bear interest from that date at the rate of 6 per cent. per annum; that the company would pay Mrs. Lingwiler $1,093.32, the amount due her, and also would pay G. W. Lingwiler $3,582.22, the amount due him; that the paving lien, all claims and encumbrances against the property would be satisfied by the company; and that, if the mortgage company was unable to pay plaintiffs the full amount due each, the same would be credited on the $7,000 note as renewed and extended. That in consideration of such promises and obligations, plaintiffs executed the written agreement dated June 10, 1932, in which they released the mortgage company from any and all claims and causes of action, and surrendered to it certain valuable stock certificates issued by the company. That plaintiffs did not discover until June 1, 1934, that the mortgage company had sold and transferred the note for $7,000 to the present owners, without having credited same with the amounts due plaintiffs, and the amount of the paving lien; that plaintiffs demanded of defendants that said credit be entered upon the note, and declined to make further payments until properly credited with these amounts, which, if done, would leave unpaid on the note only the sum of $3,-417.78, with interest. It was further alleged that the present owners and holders of the note acquired same with notice and knowledge of the facts relating to the right of plaintiffs to said credits; that Mr. Bartlett, trustee, is proceeding to advertise the property for sale under the trust deed at the request of present owners of the note, and unless restrained, will sell same at public outcry, wherefore plaintiffs sought injunctive relief, temporary and permanent, restraining the sale of the property. As before shown, the court granted a temporary injunction, but after a full hearing on motion by defendants denying under oath all material allegations of plaintiffs' petition, the court dissolved the temporary injunction, from which plaintiffs appealed.

We find no error in the action of the court. At the hearing evidence was introduced that, in our opinion, effectually disproved the material allegations of plaintiffs' bill. It was shown that the Riggs suit, pending against the mortgage company at the time the land was conveyed to Mrs. Lingwiler, was settled and disposed of April 7, 1932, more than three years prior to the institution of the present suit. It was further shown that no unsatisfied paving lien existed against the lot at the time it was conveyed to Mrs. Lingwiler; that the existing paving lien was created by the voluntary action of plaintiffs about a year after they acquired title to the property; that the amount due Mrs. Lingwiler by the company ($1,093.32), claimed as a credit against the $7,000 note, was paid off and satisfied prior to the institution of this suit, and as to the claims of Mr. Lingwiler against the mortgage company for back salary $1,000, and the expense account $2,582.22, aggregating the sum of $3,282.22, claimed as a credit against the $7,000 note, the facts are these: For several years, Mr. Lingwiler had been in the services of the mortgage company, but this

relationship terminated in the fall of 1931, and from that time to June 10, 1932, he asserted these claims against the company, and at the same time the company asserted claims against him, based on two promissory notes held by the company, one for the sum of $6,500 and the other for about $2,616.67, and doubtless there were other unsettled matters of a minor nature. In this situation, the parties reached an adjustment as evidenced by their agreement in writing dated June 10, 1932, which, in so far as pertains to matters under consideration, reads: "2. The Federal Mortgage Company will extend the loan it now holds against the property now standing in the name of Mrs. Earl Lingwiler, and known as No. 5930 Junius Street, in Dallas, Texas, in the principal sum of Seven Thousand Dollars ($7000.00), so that same shall be payable in five years from June 1, 1932, and shall bear interest at the rate of six per cent per annum, payable semi-annually, and which shall constitute a first lien against said property, said renewal notes, if any, shall be so drawn as not to constitute a personal liability against the makers thereof but shall be binding only upon the real estate above described. 3. The Federal Mortgage Company hereby releases first parties (Lingwiler and wife) and each of them of and from any and all claims and causes of action of any character which it may have against them, or either of them. 4. First parties and each of them hereby release Federal Mortgage Company, its successors and assigns, of and from any claims or causes of action of any character which they or either of them may have or assert against Federal Mortgage Company, its successors or assigns and First Parties herewith deliver and surrender to Federal Mortgage Company, for cancellation all shares of capital stock in said Federal Mortgage Company, now owned by them or either of them, or in which they or either of them have any interest, save and except 137 shares now pledged, in which said shares last mentioned, First Parties hereby assign all their right, title and interest, unto Federal Mortgage Company, to be cancelled by Federal Mortgage Company as soon as obtained from pledgee."

■ It was further disclosed that, for at least three years after this settlement, Mr. Lingwiler made no contention that he was entitled to have the amount of his claims entered as credits upon the $7,000 note. In view of this situation, we think his position untenable, as the claims of the parties, respectively, were merged in the written agreement of June 10, 1932. To sustain the contention of Mr. Lingwiler, in effect, would be to permit the destruction of the written instrument by parol contemporaneous evidence; this cannot be done. The rule is well settled that when a contract, agreement, or undertaking has been reduced to writing, the contents thereof cannot be contradicted, added to, or varied by parol evidence; otherwise, written instruments would become of little value.

■ But the defendants G. S. Connor and Eloise M. Willis, independent executors of the estate of Wm. S. Willis, deceased, and Eloise M. Willis in her individual capacity, having purchased the $7,000 note from the mortgage company, paying therefor bonds of the company of the par value of $10,000, having a market value of from 25 to 30 per cent. of their face, actual value not shown, without knowledge or notice that plaintiffs were claiming these credits, we think that in any event these parties should be considered innocent purchasers for value.

In dissolving the temporary injunction, the trial court necessarily resolved the facts against the contentions of plaintiffs, and as we find no good reason to disturb its judgment, the same is affirmed.

Affirmed.